MASSINGILL v. MOODY et al. (No. 307.)

(Court of Civil Appeals of Texas. Beaumont. Feb. 21, 1918.)

1. BOUNDARIES ⬥47(1)—ESTOPPEL.

Where plaintiff's ancestor in title owned two tracts, and conveyed one by deed, after having the land surveyed, or after pointing out the lines, plaintiff would be bound thereby.

2. TRESPASS TO TRY TITLE ⬥45(1)—INSTRUCTIONS—CONFORMITY WITH EVIDENCE.

In trespass to try title by one who took by inheritance from his mother and gift from his father, instruction that he could not recover unless his father could was not erroneous as instructing to find for defendant because the father was making no claim.

3. APPEAL AND ERROR ⬥232(2)—OBJECTIONS IN LOWER COURT—EVIDENCE—PLATS.

In trespass to try title, where defendant offered a deed which referred to a plat, and the plat, as an integral part of the deed, which was received without objection, error could not be predicated on admission of the plat, as being a written instrument not proven up by competent evidence.

4. EVIDENCE ⬥474(1)—OPINIONS—KNOWLEDGE.

In trespass to try title, where one claimant testified that he had previously seen a certain map, and that a road shown thereon had been pointed out to him, his statement that the map looked all right to him was admissible as upon sufficient qualification.

5. TRESPASS TO TRY TITLE ⬥59—EVIDENCE—ADMISSIBILITY.

In trespass to try title, there was no error in admitting defendants' testimony as to what they were told as to title on the issue of their good faith in making improvements.

6. EVIDENCE ⬥474(15)—OPINIONS—KNOWLEDGE.

In trespass to try title, there was no prejudicial error in permitting witnesses to testify as to the appearance of cuts and marks on trees, and the age thereof; such being matters of common knowledge.

7. APPEAL AND ERROR ⬥634—PERFECTING RECORD.

Where the files were lost, and appellant made no attempt to substitute records under Vernon's Sayles'·Ann. Civ. St. 1914, arts. 2157–2163, and his bills and assignments showed no error, he was not entitled to remand for new trial "to permit intelligent consideration by the Court of Civil Appeals."

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Action by G. W. Massingill against E. Moody and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Wright & Jordan, of Lufkin, for appellant. I. D. Fairchild, of Lufkin, for appellees.

BROOKE, J. Appellant instituted this suit against appellees as an ordinary suit of trespass to try title, and for damages, and

appellees answered by general denial, plea of not guilty, and special pleas of limitation of three, five, and ten years, and for value of improvements made in good faith, and special pleas of estoppel. Upon trial of the case it resolved itself into a suit to determine the true location of the original south boundary line of the Evans Myrack survey of land. The case was tried before a jury, and was submitted upon special issues, under appropriate instructions, and upon the answers of the jury in response to such special issues appellees moved the court that judgment be rendered in their behalf, which was accordingly done; hence this appeal.

It is perhaps well, at the outset, to say that the appellant is complaining that after he perfected his appeal to this court and filed the statement of facts that the court papers became missing from the office of the clerk of the lower court, and that said clerk made a partial transcript, which was duly filed in this court, and a motion made by appellant for certiorari to complete this record, which was by this court granted; and it is further stated that the clerk being unable to locate the papers that therefore the record in this court is not complete, and therefore it was not possible to properly brief the case. Suffice it to say, with respect to the matter complained of, that appellant has shown no diligence in perfecting his appeal, and in having a complete record before this court.

The first assignment of error is as follows:

"The court committed error in his charge to the jury in the third paragraph in charging the jury 'that if N. W. Gann, at the time he sold the land to Evans Myrack, had the land surveyed, or pointed out the lines to the same by himself or through his agent, the plaintiff would be bound by same,' because there was no evidence upon which to base said charge, and the court presumed a fact not proven to the injury of appellant."

The proposition under this assignment is:

"It is the duty of the court to instruct the jury on the issues made by the pleading and the evidence only."

The counter proposition, in reply, is:

"N. W. Gann, being the owner of both the Massingill and Holloway surveys of land at the time of his conveyance to Evans Myrack, conveyed ·to the extent of the boundaries pointed out and described in said conveyance; therefore the charge of the court, 'That if N. W. Gann, at the time he sold the land to Evans Myrack, had the land surveyed, or pointed out the lines to the same by himself or through his agent, the plaintiff would be bound by the same,' was and is a correct charge and instruction."

If the facts are as stated by appellee that Gann was the owner of both the Massingill and Holloway surveys of land at the time of his conveyance to Evans Myrack, and conveyed to the extent of the boundaries pointed out and described in said conveyance when he sold the land to Evans Myrack, that the land so surveyed or pointed out to be the same, either by himself or through his agent, that the plaintiff would be bound by same,

and that, therefore, the charge was a correct instruction.

[1] The facts show that the deed to G. W. Massingill and wife to N. W. Gann of date July 23, 1870, conveyed the G. W. Massingill 160-acre survey to N. W. Gann. The statement of facts further shows that the deed of N. W. Gann to Evans Myrack of date December 22, 1879, conveyed the Evans Myrack tract to the said Evans Myrack, and the deed of conveyance of the said N. W. Gann to W. J. Massingill, of date December 29, 1882, conveyed to Massingill certain of the G. W. Massingill survey. The deed to Evans Myrack was filed for record in the office of the county clerk of Angelina county, Tex., on December 2, 1879. The evidence with reference to the south boundary line of the Evans Myrack tract, by many of the witnesses, placed the same where the appellees claim that it really is. Taking the record, therefore, as a whole, we are unable to say that there was any error in the charge of the court with reference to the matter complained of, and the same is therefore overruled.

[2] The second assignment of error is as follows:

"The court committed error in giving defendant's special charge to the jury as is shown by appellant's bill of exception No. 9, which charge was in substance as follows: 'Gentlemen of the jury, if you find that W. J. Massingill could not recover, if he was the plaintiff in this case, then you are instructed that the plaintiff, G. W. Massingill, cannot recover, and you will return a verdict for the defendants.'"

The proposition under this assignment is:

"The foregoing charge was virtually a charge to return a verdict for defendants. If we take the second clause of the charge, it is a peremptory instruction, pure and simple, and, take the charge as a whole, it is virtually an instruction to return a verdict for defendants for the reason that W. J. Massingill was not asserting any claim to the land, and under the evidence could not maintain a suit because he had not title to the property, having parted with the title."

Appellees' counter proposition is:

"G. W. Massingill having succeeded to the estate which he asserts to claim in the land by inheritance from his deceased mother and by the gift from his father, W J. Massingill, could not recover unless the said W. J. Massingill could have recovered had he proceeded by suit prior to the deed of partition; the property having been community, and appellant having succeeded thereto by inheritance and gift from his mother and father."

We are unable to see any error in this charge of the court.

[3] The third assignment of error is as follows:

"The court committed error in admitting in evidence the map or plat of the Evans Myrack land over the objections of plaintiff."

The proposition under this assignment is that a map or written instrument is not admissible, unless proven up by competent evidence. It is contended, on the other hand, that appellees having offered the partition deed between the heirs of Evans Myrack, deceased, containing a map of the partition,

and the same having been received without objection, appellant cannot now be heard to complain of such reception.

The bill of exception upon which appellant bases his third assignment of error was approved by the court with the following qualification:

"Approved with the qualification that the statement of facts on this question are referred to."

With reference to the introduction of said partition deed, the statement of facts recites the following:

"The defendant next offered in evidence a deed from Paralee Bradford et al. to E. Moody, dated the 19th day of November, 1913, conveying block No. 4, and recorded in Book 30, page 241, of the Deed Records of Angelina County, Tex. Here said deed was read to the jury by defendants' counsel, and is as follows, to wit. * * *"

The map or plat of which appellant is complaining was not offered independently of the deed, but was offered as part of the deed, and with the deed, being incorporated in and being a part of the deed, and was offered in evidence and received without objection, and was a recorded instrument, and by agreement between opposing counsel was read from the records. We see no error in the action of the court in the admission of this plat. Therefore the assignment is overruled.

[4] The fourth assignment of error complains that the court erred in admitting the evidence of the defendant Moody as to his opinion as to the map of the E. Myrack land being correct, and the proposition is submitted that before a witness can testify about a technical proposition, he must show that he has sufficient knowledge to understand the business about which he testifies. The witness Moody was allowed to testify as to the location of the land, as shown by the map, to the effect:

"I have seen this map before, I think; I am sure I have. This map correctly shows my land here; it is this block here (witness showing on the map)."

Appellant's attorney then made the following objection to this testimony:

"We object to him stating that it correctly shows his land or any other land, as that is but the opinion of the witness, if the court please.

"Witness: Well, I have been all around this land, and this map looks correct to me; I will say that much. I saw this map downstairs in the county clerk's office before I bought this land. I saw the map this morning when it was offered in evidence, and I saw it on record before I bought the land, and it looks correct to me. I see this road here as shown on this map, and I remember that Squire Long showed me that road when we were out there looking at the land, and I remember this corner here right close to this road."

In our opinion, the testimony was admissible.

[5] The fifth assignment complains that the court erred in admitting the testimony of defendants Moody and Lumly in answer to questions as to what Judge Jordan and Will Massingill told them as to the title to the land, as is shown by appellant's bill of exception Nos. 6 and 3. The counter proposition is that the testimony was introduced tending to show good faith on the part of Moody and Lumly in placing the improvements on the land, as evidenced by their pleadings to that effect. We see no error in the action of the lower court in this matter, and the assignment is therefore overruled.

[6] The sixth assignment of error complains that the court erred in admitting the testimony of the defendant's witnesses, E. Moody, Squire Long, and J. A. Freeman, as shown by appellant's bills of exception Nos. 5, 7, and 8. Without adverting upon the fact that the brief does not comply with the rules, we will say only that the matter complained of seems to be a matter of common knowledge, such as the appearance of cuts and marks on trees, and the age thereof, so that any person acquainted with the general appearance, brought about by observation, might give their opinions with reference thereto, and the particular testimony of which appellant seems to complain is as follows:

"I can't tell any difference much; they looked very old then, and still look the same way."

In our judgment, there has been no injustice which could accrue from the action of the court in admitting this testimony.

The seventh assignment of error is to the effect that the court erred in rendering judgment in favor of the defendants for any part of the G. W. Massingill survey. Having given the matter such care as a close inspection of the record before us is susceptible, we are unable to see where or in what particular there was error in the action of the lower court. It is strenuously contended in the argument on the whole case by the appellant that the record is such, quoting the language of appellant, "that the court can hardly decide it intelligently, and therefore should reverse the case in order that appellant should be enabled to have the honorable Court of Civil Appeals to intelligently decide it," and for the reason that, "if appellees are allowed to profit by an incomplete record, unscrupulous appellees will take advantage and the clerks of the district and county courts will be unable to find the papers to make the records complete as in the case at bar," and further using the language of appellant, "If we should undertake to substitute the missing records in this case, we could not do so for the reason that it is impossible to make an intelligent substitution of the court's charge and of the special charge of the defendants, and in fact all of the missing records, except the appellant's original petition, which was merely a petition in trespass to try title, and is sufficiently set out in plaintiff's first supplemental petition." "Therefore," it is claimed by appellant, "the appellant should have an opportunity to get the

same intelligently before the honorable Court of Civil Appeals."

[7] We have heretofore stated that no diligence was used on the part of appellant to have an intelligent record, if such could be made, of the proceedings in the court below in this cause, and this court has looked to the bills of exception, which were approved by the judge trying the cause, and which seem to be relied on mainly by the appellant in his presentation of this case, and we have failed to find any merit in the contentions made by appellant, and believing, as we do, that in the light of this record, which could have been made perfect, or comparatively so, had appellant used proper diligence and means provided by our laws, as set out in Vernon's Sayles' Texas Civil Statutes, from articles 2157 to 2163, which appellant failed to do, and which seems to have been lost sight of in this case, this court cannot find any merit in the contentions of appellant. He seems to have had in the trial court a fair and impartial trial, and the law, applicable to the facts in same, presented by the trial judge; therefore the case, in the light of the record as made and presented, must be affirmed.

It is so ordered.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes